

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Coke R. Stevenson
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-5011
Re: Authority of the Governor of
Texas to issue patent to the
Federal Government under facts
submitted.

We are in receipt of your letter of December 11, 1942, wherein
you request the opinion of this department upon the following question:

"Is the Governor of Texas authorized to issue
patent to the Federal Government under the facts
submitted?"

The facts as contained in your attached communication addressed
to Honorable Bascom Giles, Commissioner of the General Land Office and
written by Clifford R. Elm, Division Head of Real Estate Suboffice,
War Department, New Mexico, read in substance as follows:

The United States is acquiring for military air-
port purposes the Southeast Quarter of the Southeast
Quarter (S.E.$\frac{1}{4}$ S.E.$\frac{1}{4}$) of Section 27, Block C-6,
Public School Lands, in Reeves County -- a 40 acre
tract of land. Under condemnation proceedings entit-
led: "United States of America vs. 2,560 Acres of
Land in Reeves County, Texas, State of Texas and
Joe Worsham et al", Civil No. 154 in the U.S.D.C.,
Pecos Division, an order for possession was entered
securing immediate possession of said land for the
Federal Government. Later a Declaration of Taking
was filed therein under the terms of which the Feder-
al Government has acquired fee simple title to said
described lands, excepting minerals therein and sub-
ject to certain easements thereon.

A Certificate of Facts prepared by the General
Land Office shows that prior to the institution of
the aforementioned condemnation proceedings that
the said land, S.E.$\frac{1}{4}$ of S.E.$\frac{1}{4}$ of Section 27, was
sold and awarded to Lillian S. Winkler who executed
her obligation for unpaid purchase price and interest
thereon; that said sale of land was marked "Forfeited"

by the said Land Office on August 26, 1941, for non-payment of interest and the same so stands on the records of the General Land Office.

Lillian S. Winkler and her husband, Sam Winkler, have been made parties defendant to the said condemnation proceeding by reason of the fact that this office has been unable to obtain a quitclaim deed or other instrument which would extinguish any right of reinstatement of the said land purchase which they may have.

This office offers to purchase said 40 acre tract of land from the Governor of Texas, acting for the State of Texas under authority granted him in Article 5245, V.A.C.S.; and the offer being accepted, stipulations to that effect will be entered in the condemnation proceedings, thus obviating the necessity for condemnation of said tract of land.

Article 5242, Vernon's Annotated Civil Statutes, provides that the United States Government through its proper agent may purchase lands within the State of Texas and held same as sites on which to erect forts, military stations, arsenals, dock yards, etc., and the consent of the Legislature is hereby expressly given to any such purchase.

Article 5245, V.A.C.S., reads as follows:

"When this State may be the owner of any land desired by the United States for any purpose specified in this title, the Governor may sell such land to the United States, and upon payment of the purchase money therefor into the Treasury, the Land Commissioner, upon the order of the Governor, shall issue a patent to the United States for such land in like manner as other patents are issued."

Clearly, the above quoted statute authorizes the Governor to sell and patent lands desired by the United States for any of the purposes or like purposes specified in Article 5242, "when the State may be the owner" thereof. It follows, therefore, that whenever the State of Texas is not the owner of the lands desired, etc., that the Governor lacks the requisite authority to sell same or to patent same. Unless the State of Texas is the owner of the S.E. $\frac{1}{4}$ of the S.E. $\frac{1}{4}$ of Section 27, the land in question, the Governor would have no authority to sell the said 40 acres to the Federal Government or to authorize issuance of a patent on same.

We shall assume for the purpose of this opinion that the condemnation proceeding, Civil Cause No. 154, set out in the submitted facts as being instituted for the land in question and other lands, was in all things

legal and proper; that the filing of pleadings, court orders and other instruments therein was in accordance with the Federal laws appertaining thereto.

Title 40, Section 258a of the United States Code Annotated provides in part as follows:

"In any proceeding in any court of the United States . . . which has been or may be instituted in the name of . . . the United States for the acquisition of any land . . . for public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking . . . to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States.

" . . .

"Upon the filing of said declaration of taking and the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; . . ."

"Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency." (Underscoring ours)

A reference to the statement of facts submitted herewith will disclose that in said Civil Cause No. 154, in which the S.E. $\frac{1}{4}$ of the S.E. $\frac{1}{4}$ of Section 27, Reeves County was condemned, a declaration of taking has been filed. In accordance with the terms of the above quoted Federal statute title to the lands in question vested in the United States of America upon the filing of the said declaration of taking. The only right in the State of Texas in the land in question which still exists

after the filing of the declaration of taking is the right to just compensation for the land so taken.

Title to the land in question, known as S.E. $\frac{1}{4}$ of the S.E. $\frac{1}{4}$ of Section 27, Reeves County, Texas, having vested in the United States of America, the State of Texas could not be the owner thereof and Article 5245, V.A.C.S., authorizing the Governor to sell State-owned land is, therefore, inapplicable. If, of course, the United States of America, petitioner in the aforementioned condemnation suit, proceeds therewith to final judgment, the defendant, Lillian S. Winkler, receiving just compensation for her right of reinstatement in the land in question, and the State of Texas being paid for the said land, the Governor under the authority granted in Articles 5404 and 5413, V.A.C.S., may recommend or order issuance of patent thereon.

It is the opinion of this department, therefore, that the question submitted must be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Chester E. Ollison

Chester E. Ollison
Assistant

CEO:ff:egw

APPROVED DEC 30, 1942
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: Opinion
Committee By BW.W.
Chairman